# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **PERRY ESPIE** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **SCOTT TRUCK SYSTEMS, INC.,** | § | |
| **SCOTT TRUCKING, INC.,** | § | **CIVIL ACTION NO. _____** |
| **DANIEL JAMES PAUL, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendants* | § | |

## DEFENDANTS' NOTICE OF REMOVAL OF SUIT TO FEDERAL COURT

Defendant Scott Truck Systems, Inc. ("Defendant") hereby removes Cause No. 447-21, styled as *Perry Espie v. Scott Truck Systems, Inc., Scott Trucking, Inc., Daniel James Paul, and Geico County Mutual Insurance Company*—originally filed in the 115th Judicial District Court in Upshur County, Texas, (the "State Action")—to the United States District Court for the Easter District of Texas, Marshall Division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. A true and correct copy of all process, pleadings, and the orders served upon Defendants in the State Action are being filed with this Notice of Removal as required by 28 U.S.C. § 1446(a).

### I.    STATEMENT OF THE CASE

1.      On August 30, 2021, Plaintiff Perry Espie ("Plaintiff") commenced the State Action by filing his Original Petition (the "State Court Petition"). A true and correct copy of the Plaintiff's State Court Petition is included as **Exhibit A** to Defendants' Appendix to this Notice of Removal. The State Court Petition asserts various causes of action against Defendants for negligence, negligence *per se*, vicarious liability, negligent entrustment, and negligent hiring, training, retention and supervision that purportedly contributed to bring about debilitating injuries to

Plaintiff. (Ex. A at pg. 3-7.)  In accordance with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's State Court Petition indicates that Plaintiff "seeks monetary relief over $1,000,000.00." (Ex. A at pg. 9.)

2.      Defendant Scott Truck Systems, Inc. was served with a copy of the State Court Petition on September 7, 2021. A copy of the Upshur County District Clerk's online service status is included as **Exhibit B** to Defendants' Appendix to this Notice of Removal.

3.      Defendant Scott Truck Systems, Inc. filed its Original Answer in the State Action on October 4, 2021.  A copy of Defendant Scott Truck Systems, Inc.'s Original Answer is included as **Exhibit C** to Defendants' Appendix to this Notice of Removal.

4.      Defendant Daniel James Paul has not yet been served.

5.      Defendant Scott Trucking, Inc. has not yet been served.

6.      Defendant Geico County Mutual Insurance Company was served with a copy of the State Court Petition on September 7, 2021. A copy of the Upshur County District Clerk's online service status is included as **Exhibit D** to Defendants' Appendix to this Notice of Removal.

7.      Defendant Geico County Mutual Insurance Company filed its Original Answer in the State Action on October 4, 2021.  A copy of Defendant Geico County Mutual Insurance Company's Original Answer is included as **Exhibit E** to Defendants' Appendix to this Notice of Removal.

8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1446(b)(1) and 1446(c)(1).

## II.  JURISDICTIONAL FACTS

9.      Plaintiff is now, and was at the time he commenced the State Action, a citizen and resident of the State of Texas. (Ex. A at pg. 2.)

10.     Defendant Scott Truck Systems, Inc. is now, and was at the time the State Action was commenced, a foreign corporation organized by the laws of the State of Indiana with its principal place of business located at 2902 East CR 500 N, Whiteland, Indiana 46184.

11.     Defendant Daniel James Paul is now, and was at the time the State Action was commenced, a citizen and resident of the State of Michigan—specifically, Defendant Daniel James Paul maintains his residence in Warren, Michigan.

12.     Defendant Scott Trucking, Inc. was at the time the State Action was commenced, a foreign corporation organized by the laws of the State of Indiana with its principal place of business located at 6241 Parke Dr., Clayton, Indiana 46118.

13.      Defendant Geico County Mutual Insurance Company is not an incorporated entity recognized by the State of Texas, but is an assumed name utilized by Government Employees Insurance Company (GEICO). Pursuant to 28 U.S.C. § 1441, "the citizenship of a defendant sued under fictitious name shall be disregarded" when evaluating diversity of citizenship.  28 U.S.C. § 1441(b)(1).  Therefore, the citizenship of this fictitious entity is irrelevant to the determination of whether complete diversity exists in this case.

### III.  BASIS FOR REMOVAL

14.     This Court possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). The United States Code provides that a Federal District Court may exercise jurisdiction over any state civil action where (i) "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs"; and (ii) the dispute is between "citizens of different states."  28 U.S.C. § 1332(a).  This Court has jurisdiction over this lawsuit because it is apparent on the face of Plaintiff's State Court Petition that the amount in controversy exceeds the sum of $75,000.00, and there is complete diversity of citizenship between the properly joined parties.

### A. *The amount in controversy exceeds $75,000.00.*

15.      Plaintiff's State Court Petition alleges that the amount in controversy exceeds $75,000.00.  Pursuant to Section 1332 of Title 28 of the United States Code, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."  28 U.S.C. 1332(a).  As stated above, Plaintiff's State Court Petition states that Plaintiff "seeks monetary relief over $1,000,000.00." (Ex. A at pg. 9.)   As a result, Plaintiff's allegations definitively establish that the amount in controversy exceeds $75,000.00.

16.      Even, *assuming arguendo*, Plaintiff's State Court Petition failed to allege a specific amount in controversy, it is apparent from the face of the State Court Petition that the amount in controversy exceeds $75,000.00.  "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount [of $75,000.00]."  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); 28 U.S.C. § 1446(c)(2)(B); *see also Findley v. Allied Fin. Adjusters Conference, Inc.*, CV H-15-2699, 2015 WL 7738077, at *2 (S.D. Tex. Dec. 1, 2015). Thus, the standard used in assessing whether the removing party has satisfied its burden is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]."  *St. Paul Reinsurance Co.*, 134 F.3d at 1253, n. 13. The burden is met if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)); *see also Guerrero v. Allstate Ins. Co.*, 7:16-CV-

409, 2016 WL 9415194, at *1 (S.D. Tex. Sept. 7, 2016). In assessing whether jurisdiction is present for removal, this Court must consider the claims in Plaintiffs' State Court Petition as they exist at the time of removal. *Manguno*, 276 F.3d at 723.

17.     In this case, it is apparent from the face of the State Court Petition that Plaintiff seeks damages well in excess of $75,000.00. Specifically, Plaintiff seeks damages for: (1) "Reasonable medical care and expenses in the past," (2) "Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future," (3) "Physical pain and suffering in the past," (4) "Physical pain and suffering which, in reasonable probability, will be suffered in the future," (5) Mental anguish in the past," (6) "Mental anguish which, in reasonable probability, will be suffered in the future," (7) "Physical impairment in the past," (8) "Physical impairment which, in reasonable probability, will be suffered in the future," (9) "Disfigurement in the past," (10) "Disfigurement which, in reasonable probability, will be suffered in the future (11) "Loss of earnings in the past," (12) "Loss of earning capacity which, in reasonable probability, will be incurred in the future," and (13) exemplary damages. *See* Exhibit A, pg. 8. The foregoing alleged damages associated with Plaintiff's causes of action would support this Court's finding of a substantially large monetary basis for potential recovery for purposes of removal pursuant to 28 U.S.C. § 1332.

18.     In addition, in determining whether Plaintiff's claims exceed $75,000.00, this Court may consider the imposition of punitive or exemplary damages if such damages are recoverable as a matter of state law. *See Celestine v. TransWood, Inc*., 467 Fed. Appx. 317, 319 (5th Cir. 2012) (unpublished); *Holland v. CitiMortgage, Inc.*, No. 4:16-CV-3219, 2017 WL 1409137, at *1 (S.D. Tex. 2017). Texas law provides that in order to receive exemplary damages, a claimant must prove by clear and convincing evidence that the harm with respect to which the claimant seeks recovery

results from: (1) fraud, (2) malice, or (3) gross negligence.   Tex. Civ. Prac. & Rem. Code §

41.003.  Here, Plaintiff alleges he is entitled to recover exemplary damages on the grounds that her

injuries resulted from "Defendants Scott Truck Systems, Inc and Daniel James Paul gross

negligence . . . ." [1]  Exhibit A, pg. 6.  Therefore, taking into account the categories of damages

applicable to Plaintiff's claims, it is apparent from the face of the State Court Petition that the

amount in controversy, in all likelihood, exceeds the jurisdictional amount of $75,000.00 required

for this Court to exercise diversity jurisdiction.

### B.  There is diversity of citizenship between the properly joined parties.

19.    This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is

complete diversity of citizenship between the properly joined parties in this lawsuit. It is well

settled that diversity jurisdiction requires complete diversity of citizenship between all plaintiffs

and all defendants. *Centaurus Inglewood, LP v. Lexington Ins. Co*., 771 F. Supp. 2d 667, 669-70

(S.D. Tex. 2011). Complete diversity exits when no plaintiff is a citizen of the same state as any

one defendant in a lawsuit in which jurisdiction is sought under 28 U.S.C. § 1332. *See Elam v.

Kan. City S. Ry*., 635 F.3d 796, 812 (5th Cir. 2011). This requirement is satisfied in this case

because Plaintiff does not share the same citizenship as any of the Defendants.

20.    A natural person is considered a citizen of the state where such person is domiciled,

i.e., where the person has established a fixed habitation or abode, provided that the person intends

to remain there permanently or indefinitely. *See Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir.

2014).  In this case, Plaintiff is a natural person and, pursuant to the State Court Petition, Plaintiff

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 41.001(11) (defining "gross negligence" as consisting of an act or omission
which (1) when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme
degree of risk, considering the probability and magnitude of the potential harm to others; and (2) of which the actor
has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the
rights, safety, or welfare of others.).

maintains that he is domiciled in the State of Texas. (Ex. A at pg. 2.)  Therefore, for purposes of removal under 28 U.S.C. § 1332, Plaintiff must be considered as a citizen of the State of Texas.

21.     Defendant Daniel James Paul is a natural person and is domiciled in the State of Michigan. Therefore, for purposes of removal under 28 U.S.C. § 1332, Defendant Daniel James Paul must be considered as a citizen of the State of Michigan.  A redacted copy of Defendant Daniel James Paul's driver's license is included as **Exhibit F** to Defendants' Appendix to this Notice of Removal.

22.     A corporation is deemed to be a citizen of every State by which it has been incorporated and of the State in which it maintains its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).  Here, Defendant Scott Truck Systems, Inc. was incorporated under the laws of the State of Indiana, and maintains its principal place of business in Whiteland, Indiana.  A true and correct copy of the Indiana's Secretary of State's Corporation File Detail Report regarding Scott Truck Systems, Inc. is included as **Exhibit G** to Defendants' Appendix to this Notice of Removal. The Texas Secretary of State records evidence that Scott Truck Systems, Inc. is not incorporated in the State of Texas.  Defendant Scott Truck Systems, Inc. is, therefore, a citizen of the State of Indiana for purposes of diversity jurisdiction.

23.     Defendant Scott Trucking, Inc. was incorporated under the laws of the State of Indiana, and maintains its principal place of business in Clayton, Indiana.  A true and correct copy of the Indiana's Secretary of State's Corporation File Detail Report regarding Scott Trucking, Inc. is included as **Exhibit H** to Defendants' Appendix to this Notice of Removal.  The Texas Secretary of State records evidence that Scott Trucking, Inc. is not incorporated in the State of Texas. Defendant Scott Trucking, Inc. is, therefore, a citizen of the State of Indiana for purposes of diversity jurisdiction.

24.     Because Plaintiff is not a citizen of the same state in which Defendants are domiciled, incorporated, or maintain a principal place of business, there is complete diversity of citizenship to invoke this Court's jurisdiction.

### C. *Defendants' removal of the State Court Action is timely.*

25.     Defendants have timely sought removal of the State Action because this Notice of Removal is being filed within 30 days of the date of service of citation on Defendant. In general, a notice of removal of a civil action must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b). However, if removal of a civil action is based on jurisdiction conferred by Section 1441(a) of Title 28, then each defendant shall have 30 days after receipt or service on that defendant of the initial pleading to file a notice of removal. *See* 28 U.S.C. § 1446(b)(2)(A)-(B). If multiple defendants are served at different times, and a later-served defendant timely files a notice of removal, then "any earlier-served defendant may consent to the removal even though that earlier served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

26.     Pursuant to Section 1441(a) "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed . . . . " 28 U.S.C. § 1441(a) (emphasis added). Notably, Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different States. 28 U.S.C. § 1332(a). Consequently, if an action is removed based on diversity of citizenship as outlined in Section 1332, then the basis for removal is due to the original jurisdiction conferred on federal district courts by Section 1441(a).

27.     In this case, multiple defendants were served at different times.  First, Plaintiff served Defendant Scott Truck Systems, Inc. on September 7, 2021.  Thus, in accordance with 28 U.S.C. § 1446(b), FED. R. CIV. P. 6, and Local Rule CV-6, Defendant Scott Truck Systems, Inc. has until October 7, 2021 to remove this case based on original jurisdiction conferred to this Court by reason of Section 1441(a).

28.     Plaintiff subsequently served Defendant Geico County Mutual Insurance Company with a copy of the State Court Petition on September 7, 2021.  Thus, in accordance with 28 U.S.C. § 1446(b), FED. R. CIV. P. 6, and Local Rule CV-6, Defendant Geico County Mutual Insurance Company has until October 7, 2021 to remove this case based on original jurisdiction conferred to this Court by reason of Section 1441(a).

29.     Plaintiff allegedkly provided Defendant Scott Trucking, Inc. with a copy of the State Court Petition on September 7, 2021.  However, it bears noting that Defendant disputes that service was properly effectuated on that entity.  Plaintiff failed to properly effectuate service of the State Court citation via certified mail in accordance with the Texas Rules of Civil Procedure because the return receipt was not signed by any representative of Scott Trucking, Inc. Nonetheless, in accordance with 28 U.S.C. § 1446(b), Defendant Scott Trucking, Inc. has until October 7, 2021 to remove this case based on original jurisdiction conferred to this Court by reason of Section 1441(a).

30.     Plaintiff has not perfected service on Defendant Daniel James Paul.

31.     Therefore, because this Notice of Removal is being filed on June 3, 2019, it is timely as to all properly served Defendants.

### IV.   STATE COURT PAPERS AND SERVICE OF NOTICE

32.    Defendants' Notice of Removal is procedurally correct and complies with the United States Code.  Pursuant to Section § 1446(a), the following documents are attached to this Notice of Removal:

    a.   All executed process in the case (*see* App'x, Exhibits B and D);

    b.   Pleadings asserting causes of action and all answers to such pleadings (*see* App'x, Exhibit A); and

    c.   A list of all counsel of record including addresses, telephone numbers and parties represented (*see* App'x, Exhibit I).

### V.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that this action be removed to this Court for determination of all claims and defenses made, that all further proceedings in the state court action be stayed, and that Defendants be granted all additional relief to which they may be entitled.

Respectfully submitted,

By:  */s/ Maxwell S. Bayman*
    **Maxwell S. Bayman**
    State Bar No. 24088774
    max@hermes-law.com
    Chris Rodriguez
    State Bar No. 24097139
    chris@hermes-law.com
Hermes Law, P.C.
1919 McKinney Ave., Ste. 100
Dallas, Texas 75201
Telephone: (214) 749-6511
Facsimile: (214) 749-6801

*Attorneys for Defendants Scott Truck Systems, Inc. and Daniel James Paul*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **7th** day of **October 2021**, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court for the Eastern District of Texas using the electronic case filing system of the Court. The undersigned further certifies that the following counsel and/or *pro se* parties of record were served with a true and correct copy of the foregoing document electronically or by any other manner authorized by Fed. R. Civ. P. 5(b)(2):

Brent Goudarzi
Marty Young
Goudarzi & Young, LLP
P.O. Drawer 910
Gilber, Texas 75644
Email: goudarziyoung@goudarzi-young.com
***Counsels for Plaintiff***

/s/ Maxwell S. Bayman
Maxwell S. Bayman

# EXHIBIT "A"

Filed 8/30/2021 7:04 PM
Karen Bunn
District Clerk
Upshur County, Texas
Reviewed By: James Thomas

447-21

CAUSE NO. _____

| | | |
|---|---|---|
| **PERRY ESPIE** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | **UPSHUR COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **SCOTT TRUCK SYSTEMS, INC.,** | § | |
| **SCOTT TRUCKING, INC.,** | § | |
| **DANIEL JAMES PAUL, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY** | § | **115TH JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, PERRY ESPIE, hereinafter called Plaintiff, complaining of SCOTT TRUCK SYSTEMS, INC., SCOTT TRUCKING, INC., DANIEL JAMES PAUL, and GEICO COUNTY MUTUAL INSURANCE COMPANY, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

I.

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

II.

Venue is proper in Upshur County pursuant to Chapter 15, Texas Civil Practice and Remedies Code in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

**PARTIES AND SERVICE**

III.

Plaintiff, PERRY ESPIE, resides in Desoto, Texas. The last three digits of Plaintiff's driver's license number are 772.  The last three digits of Plaintiff's social security number are 717.

Defendant, SCOTT TRUCK SYSTEMS, INC., is an Indiana corporation doing business in the State of Texas. Defendant engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas.  Pursuant to Tex. Bus. Org. Code § 5.255, Defendant may be served with process by serving its President, David Lee Scott, at 624 Runyon Rd., Greenwood, Indiana 46142, by certified mail, return receipt requested issued by the District Clerk of Upshur County, Texas.

Defendant, SCOTT TRUCKING, INC., is an Indiana corporation doing business in the State of Texas. Defendant engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas.  Pursuant to Tex. Bus. Org. Code § 5.255, Defendant may be served with process by serving its President, Fred Scott, at 6241 Parke Dr., Clayton, Indiana 46118, by certified mail, return receipt requested, issued by the District Clerk of Upshur County, Texas.

Defendant, DANIEL JAMES PAUL, resides 24643 Masch Ave., Warren, Michigan 48091, and may be served with process at this address or wherever he may be found.

---

Defendant, GEICO COUNTY MUTUAL INSURANCE COMPANY, is an insurance company duly formed and existing under the laws of the State of Texas.  Its home office and its principal place of business are located in the State of Texas.  Defendant may be served with process by serving its registered agent for service of process, Dan Beacom, at 2280 N. Greenville Ave., Richardson, Texas 75082-4412, by the issuance of citation to said Defendant via certified mail, return receipt requested, by the District Clerk of Upshur County, Texas.

### FACTS AND CAUSES OF ACTION

### IV.

At approximately 9:43 a.m. on March 19, 2020, Plaintiff was traveling in a 1998 Chevrolet 3500 pickup and towing a trailer southbound on the improved shoulder of State Highway 155 in Upshur County, Texas, preparing to turn into a private driveway.  Defendant, DANIEL JAMES PAUL, was operating a 1999 International truck owned and/or leased by Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., and was towing a 2002 trailer owned and/or leased by Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., while in the course and scope of his employment with Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., traveling southbound in the outside lane of State Highway 155. Suddenly and without warning, Defendant, DANIEL JAMES PAUL, failed to maintain his vehicle in a single lane and struck Plaintiff's vehicle, subjecting Plaintiff to tremendous force.

### V.

Defendant, DANIEL JAMES PAUL, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1.   Violating Section 545.060 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
       (1) shall drive as nearly as practical entirely within a single lane; and
       (2) may not move from the lane unless that movement can be made safely.

2.   Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

   (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

3.   Failing to keep a proper lookout;
4.   Failing to timely apply brakes;
5.   Failing to control the vehicle;
6.   Failing to act and/or respond in a reasonable manner; and
7.   Failing to control the speed of the vehicle.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

### VI.

At the time and on the occasion in question, and immediately prior thereto, Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendants SCOTT TRUCK SYSTEMS, INC.'s and/or SCOTT TRUCKING, INC.'s independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

3. Failing to properly train, supervise and/or monitor Defendant, DANIEL JAMES PAUL;

4. Failing to maintain the vehicle in a reasonably safe or prudent manner; and

5. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

## VII.

At the time and on the occasion in question, and immediately prior thereto, Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., were guilty of negligent entrustment and knew or should have known that Defendant, DANIEL JAMES PAUL, was a negligent and reckless driver.

## VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing

those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

IX.

Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., are liable for the damages proximately caused to Plaintiff by the conduct of Defendant, DANIEL JAMES PAUL, in that Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., were the employer of Defendant, DANIEL JAMES PAUL, on the date that Defendant, DANIEL JAMES PAUL, negligently injured Plaintiff, as alleged above, and Defendant, DANIEL JAMES PAUL, was acting within the course and scope of that employment when that injury occurred or Defendants, SCOTT TRUCK SYSTEMS, INC. and/or SCOTT TRUCKING, INC., had the right to control the activities of Defendant, DANIEL JAMES PAUL.

X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

## XI.

On March 19, 2020, the date of the accident, Plaintiff was covered by insurance issued by Defendant, GEICO COUNTY MUTUAL INSURANCE COMPANY.  This policy included coverage for uninsured and underinsured motorists.  Plaintiff is a valid "covered person" under this policy as an insured.

Defendant, GEICO COUNTY MUTUAL INSURANCE COMPANY, was timely informed of the accident and that Plaintiff intended to claim under uninsured and underinsured benefits.  Plaintiff sought recovery for injuries sustained from Defendants, SCOTT TRUCK SYSTEMS, INC., SCOTT TRUCKING, INC. and DANIEL JAMES PAUL.  Any recovery is insufficient to compensate Plaintiff.  Plaintiff hereby seeks recovery for his injuries under uninsured and underinsured coverage.

Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit.   All conditions precedent have been performed or have occurred.  Nevertheless, Defendant, GEICO COUNTY MUTUAL INSURANCE COMPANY, has failed and refused, and still fails and refuses, to pay Plaintiff the benefits under this policy as it is contractually required to do.

Plaintiff, therefore, seeks monetary damages as well as declaratory relief that (1) at the time of the accident, Plaintiff was covered by insurance issued by Defendant, GEICO COUNTY MUTUAL INSURANCE COMPANY, that included coverage for underinsured motorists; (2) Defendant, GEICO COUNTY MUTUAL INSURANCE COMPANY, was timely informed of the accident; and (3) Plaintiff is claiming the underinsured benefits afforded under the policy.

## DAMAGES FOR PLAINTIFF

### XII.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B.   Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering which, in reasonable probability, will be suffered in the future;

E.   Mental anguish in the past;

F.   Mental anguish which, in reasonable probability, will be suffered in the future;

G.   Physical impairment in the past;

H.   Physical impairment which, in reasonable probability, will be suffered in the future;

I.   Disfigurement in the past;

J.   Disfigurement which, in reasonable probability, will be suffered in the future;

K.   Loss of earnings in the past;

L.   Loss of earning capacity which, in reasonable probability, will be incurred in the future;

M.   Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

### PROPERTY DAMAGE

### XIII.

Plaintiff has also suffered damages to his 1998 Chevrolet 3500 pickup and his trailer as a result of this accident and Defendants' negligence and Plaintiff should be reimbursed for those damages as well as for the loss of use of his motor vehicle and trailer, along with any other property damage sustained in the accident.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; damages and declaratory relief be awarded Plaintiff as against Defendant, GEICO COUNTY MUTUAL INSURANCE COMPANY; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Telephone: (903) 843-2544
Facsimile: (903) 843-2026
E-serve: goudarziyoung@goudarzi-young.com


By: _____
    Brent Goudarzi
    State Bar No. 00798218
    Marty Young
    State Bar No. 24010502

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronda Adkinson on behalf of J. Goudarzi
Bar No. 00798218
radkinson@goudarzi-young.com
Envelope ID: 56800782
Status as of 8/31/2021 8:32 AM CST

Associated Case Party: Perry Espie

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 8/30/2021 7:04:48 PM | SENT |

Print this page

# Case # 447-21

## Case Information

| | |
|---|---|
| Location | Upshur County - District Clerk |
| Date Filed | 8/30/2021 7:04 PM |
| Case Number | 447-21 |
| Case Description | |
| Assigned to Judge | |
| Attorney | J. Goudarzi |
| Firm Name | Goudarzi & Young, LLP |
| Filed By | Ronda Adkinson |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $18.47 |
| Total Court Case Fees | $277.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $362.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $657.47 |

**Payment**

| | |
|---|---|
| Account Name | Kristina Joseph |
| Transaction Amount | $657.47 |
| Transaction Response | Approved |
| Transaction ID | 83424141 |
| Order # | 056800782-0 |

## Petition

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition |
| Motion Code | |
| Filing Description | Plaintiff's Original Petition |
| Reference Number | |
| Comments | |

| | | |
|---|---|---|
| Status | Accepted | |
| Accepted Date | 8/31/2021 8:32 AM | |
| **Fees** | | |
| Court Fee | $0.00 | |
| Service Fee | $0.00 | |
| **Documents** | | |
| *Lead Document* | Plaintiff's Original Petition.pdf | [Original]   [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Brent Goudarzi goudarziyoung@goudarzi-young.com | | EServe | Sent | Yes | Not Opened |
| Brent Goudarzi goudarziyoung@goudarzi-young.com | | EServe | Sent | Yes | Not Opened |

| | | |
|---|---|---|
| **Petition** | | |
| Filing Type | EFileAndServe | |
| Filing Code | Petition | |
| Motion Code | | |
| Filing Description | Clerk letter | |
| Reference Number | | |
| Comments | | |
| Status | Accepted | |
| Accepted Date | 8/31/2021 8:32 AM | |
| **Fees** | | |
| Court Fee | $362.00 | |
| Service Fee | $0.00 | |
| | | |
| Optional Services | | |
| Issue Citation | $32.00 (4 x $8.00) | |
| Service -- Certified Mail | $300.00 (3 x $100.00) | |
| Copies -- Certified | $30.00 (30 x $1.00) | |
| **Documents** | | |

*Lead Document*                    Clerk ltr - filing petition.pdf          [Original]    [Transmitted]

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Brent Goudarzi goudarziyoung@goudarzi-young.com | | EServe | Sent | Yes | Not Opened |
| Brent Goudarzi goudarziyoung@goudarzi-young.com | | EServe | Sent | Yes | Not Opened |

# EXHIBIT "B"

| Case Number | Case Type | Plaintiff |
|---|---|---|
| 447-21 | INJURY OR DAMAGE WITH MV | PERRY ESPIE |

| Defendant | File Date | Disposition Date |
|---|---|---|
| SCOTT TRUCKING SYSTEMS, INC. SCOTT TRUCKING, INC. ET-AL | 08/31/2021 | |

| Report Filed | Case Type | Plaintiff |
|---|---|---|
| 447-21 | INJURY OR DAMAGE WITH MV | PERRY ESPIE |

| Party Name | Date | Description | Pages |
|---|---|---|---|
| ESPIE,SCOTT | 08/30/2021 | LETTER FROM BRENT GOUDARZI CITATION ISSUANCE INSTRUCTIONS/JT | 2 |
| ESPIE,SCOTT | 08/30/2021 | PLAINTIFF'S ORIGINAL PETITION/JT | 14 |
| ESPIE,SCOTT | 08/31/2021 | CITATION BY CERTIFIED MAIL ISSUED TO GEICO COUNTY MUTUAL INSURANCE COMPANY/JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | CITATION BY CERTIFIED MAIL ISSUED TO SCOTT TRUCKING, INC./JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | CITATION BY CERTIFIED MAIL ISSUED TO SCOTT TRUCKING, INC./JT | 0 |

| Party Name | Date | Description | Pages |
|---|---|---|---|
| ESPIE,SCOTT | 08/31/2021 | CITATION ISSUED TO DANIEL JAMES PAUL/JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | FEE FOR NEW CIVIL CASE, CITATIONS, CERTIFIED MAIL ISSUANCE, COPIES/JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | FEE FOR NEW CIVIL CASE, CITATIONS, CERTIFIED MAIL ISSUANCE, COPIES/JT | 0 |
| ESPIE,SCOTT | 09/07/2021 | CITATION BY CERTIFIED MAIL RETURNED SERVED TO GEICO COUNTY MUTUAL INSURANCE COMPANY/JT | 3 |
| ESPIE,SCOTT | 09/07/2021 | CITATION BY CERTIFIED MAIL RETURNED SERVED TO SCOTT TRUCK SYSTEMS, INC./JT | 3 |
| ESPIE,SCOTT | 09/20/2021 | CERTIFIED MAIL RETURNED UNDELIVERABLE/CC | 2 |

| Court | Book | Volume | Page |
|---|---|---|---|
| 115 | CIVIL | | |

| Judge | Reporter | | |
|---|---|---|---|
| DEAN FOWLER | ANGIE ROBERTSON | | |

| Name | Defendant/Plaintiff | Attorney |
|---|---|---|

| Name | Defendant/Plaintiff | Attorney |
|---|---|---|
| ESPIE,SCOTT | PLAINTIFF | GOUDARZI,BRENT |
| SCOTT TRUCK SYSTEMS, INC. | DEFENDANT | |
| SCOTT TRUCKING, INC. | DEFENDANT | |
| PAUL,DANIEL JAMES | DEFENDANT | |
| GEICO COUNTY MUTUAL | DEFENDANT | |

EXHIBIT "C"

Filed 9/9/2021 10:11 AM
Karen Bunn
District Clerk
Upshur County, Texas
Reviewed By: James Thomas

## CAUSE NO. 447-21

| | | |
|---|---|---|
| **PERRY ESPIE,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | **115TH JUDICIAL DISTRICT** |
| | § | |
| **SCOTT TRUCK SYSTEMS, INC.,** | § | |
| **SCOTT TRUCKING, INC.,** | § | |
| **DANIEL JAMES PAUL, AND** | § | |
| **GEICO COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendants.* | § | **UPSHUR COUNTY, TEXAS** |

---

### DEFENDANT SCOTT TRUCK SYSTEM, INC.'S ORIGINAL ANSWER

COMES NOW Defendant Scott Truck Systems, Inc. (hereinafter "Defendant") and files its Original Answer to Plaintiffs' Original Petition. In support thereof, Defendant respectfully shows unto the Court the following:

Pursuant to the requirements of §30.014 of the Texas Civil Practices and Remedies Code, Defendant is an incorporated entity; and therefore, it does not have a driver's license number or Social Security number. Additionally, pursuant to the requirements of §30.015 of the Texas Civil Practices and Remedies Code, Defendant's business address is 2902 East CR 500 North, Whiteland, Indiana, 46184.

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained in Plaintiff's Original Petition, including any amendments or supplements thereto, and demands strict proof thereof of each element of liability and damages by a preponderance of the evidence.

---

## II.
## AFFIRMATIVE DEFENSES

Pleading further, and in the alternative where appropriate, Defendant asserts the following affirmative defenses and other defenses or pleadings to Plaintiff's claims. By asserting any affirmative defense or other defenses or pleadings herein, Defendant does not assume or alter the burden of proof as to any cause of action or defense that properly belongs to Plaintiff or to any other party to this lawsuit.

Pleading further if such is necessary, Plaintiff's damages, if any, were caused by a new and independent cause, and were not caused by any act or omission on the part of Defendant.  In addition, Defendant would show that Plaintiff failed to mitigate his damages.

Pleading further and/or in the alternative if such is necessary, Defendant asserts that Plaintiff's claims are barred, in whole or part, by the contributory and/or comparative negligence of Plaintiff.

Pleading further and/or in the alternative if such is necessary, Defendant denies that any alleged act or omission of Defendant was a proximate cause of any alleged injury or damage, if any, to Plaintiff and further denies that it is liable under any theory of recovery.  Additionally, Plaintiff's alleged injuries and damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding acts or events that were beyond the control of Defendant and unrelated to the conduct of Defendant. Any alleged negligent conduct of Defendant asserted by Plaintiff, which is denied, was superseded by such unforeseeable, independent, intervening and/or superseding act(s) or event(s).

Pleading further and/or in the alternative if such is necessary, the incident at issue is the result of an unavoidable accident.  Defendant would further show that Defendant's driver was confronted with an emergency arising suddenly and unexpectedly which was not proximately

caused by any negligence on the part of Defendant's driver and which, to a reasonable person, required immediate action without time for deliberation and that Defendant's driver acted as a person of ordinary prudence would have acted under the same or similar circumstances.

Pleading further and/or in the alternative if such is necessary, Defendant asserts that the conduct of Plaintiff, of all other parties to this lawsuit, of any settling persons, and of any responsible third parties should be compared by the Court and jury under the doctrine of comparative responsibility as set forth in section 33.001, et seq., of the Texas Civil Practice and Remedies Code, and, in the unlikely event Plaintiff obtains any award of damages in this case, Defendant's liability, if any, for any such recovery should be limited to its respective percentage of comparative responsibility in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code. Defendant further asserts that, in the unlikely event Plaintiff obtains any award of damages in this case, Plaintiff's recovery should be reduced in proportion to Plaintiff's percentage of comparative responsibility, and in the event Plaintiff's responsibility exceeds fifty percent (50%), Plaintiff is not entitled to any recovery.

Pleading further and/or in the alternative if such is necessary, in the unlikely event that Defendant is found liable to Plaintiff, which alleged liability Defendant expressly denies, Defendant is entitled to a credit or offset for any and all sums Plaintiff has received or may hereafter receive by reason of any and all settlements arising from Plaintiff's claims and/or alleged causes of action. Defendant expressly reserves its rights under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code regarding an election of credit and reduction in the amount of damages to be recovered by Plaintiff, if any.

Pleading further and/or in the alternative if such is necessary, in the event Plaintiff recovers an award of pre-judgment interest for unaccrued damages, such an award would violate the

following provisions, among others, of the Constitution of the State of Texas and the U.S. Constitution: (i) Trial by Jury, TEX. CONST. Art. I, §15; (ii) Due Process, U.S. CONST. AMEND. V and XIV, TEX. CONST. Art. I, §§ 13 and 19; and (iii) Constitutional Rights are Inviolate, TEX. CONST. Art. I, §29. Further, Defendant pleads the limitations for pre-judgment interest as set forth in the Texas Finance Code.

Pleading further and/or in the alternative if such is necessary, Plaintiff's recovery of medical or healthcare expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105; *see Haygood v. Escobedo*, 356 S.W.3d 390, 399-400 (Tex. 2011).

Pleading further and/or in the alternative if such is necessary, any claim of alleged lost earnings, loss of earning capacity and/or pecuniary loss, if any, is limited to a net loss after reduction for federal income tax obligations. Further, this Court is required to instruct the jury regarding the application of federal income taxes to Plaintiff's claims for compensatory damages. TEX. CIV. PRAC. & REM. CODE § 18.091.

Pleading further and/or in the alternative if such is necessary, Defendant invokes the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code, specifically including §41.008 of Texas Civil Practice and Remedies Code, as to Plaintiff's allegations of exemplary damages.

### III.
### NOTICES

Pursuant to Texas Rule of Civil Procedure 193.7, Defendants hereby notify all parties that any and all documents produced by Plaintiff during discovery may be used at any pre-trial proceeding and/or trial without the necessity of authenticating the documents.

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Defendants hereby place Plaintiff

on notice of their intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

## IV.
## <u>EXEMPLARY-DAMAGES CAP</u>

If Defendants are found liable for exemplary damages, those damages must be capped under the Texas Damages act, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court considers this Original Answer; and for such other and further relief, both at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

By: *<u>/s/ Maxwell S. Bayman</u>*
    **Maxwell S. Bayman**
    State Bar No. 24088774
    max@hermes-law.com
    **Chris Rodriguez**
    State Bar No. 24097139
    chris@hermes-law.com

HERMES LAW, P.C.
1919 McKinney Avenue, Suite 100
Dallas, Texas 75201
Telephone:  (214) 749-6511
Facsimile:   (214) 749-6801

*Attorneys for Defendant Scott Truck Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **4th** day of **October 2021,** a true and correct copy of the foregoing document was forwarded via e-service and/or facsimile to the following counsel of record:

***Via electronic service to:***
Brent Goudarzi
GOUDARZI & YOUNG, L.L.P.
P.O. Drawer 910
Gilmer, Texas 75644
Email: goudarziyoung@goudarzi-young.com
***Attorney for Plaintiff***

*/s/ Maxwell S. Bayman*
**MAXWELL BAYMAN**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 57834803
Status as of 10/4/2021 10:55 AM CST

Associated Case Party: Geico County Mutual Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrea Sabillon | | asabillon@geico.com | 10/4/2021 10:41:10 AM | SENT |
| Jennifer Crawford | | JeCrawford@geico.com | 10/4/2021 10:41:10 AM | SENT |
| Eleanor Perry | | eperry@geico.com | 10/4/2021 10:41:10 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rhonda Adkinson | | radkinson@goudarzi-young.com | 10/4/2021 10:41:10 AM | SENT |

Associated Case Party: Perry Espie

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brent Goudarzi | | goudarziyoung@goudarzi-young.com | 10/4/2021 10:41:10 AM | SENT |

Associated Case Party: Scott Truck Systems, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chris Rodriguez | | Chris@hermes-law.com | 10/4/2021 10:41:10 AM | SENT |
| Hermes Law | | efiling@hermes-law.com | 10/4/2021 10:41:10 AM | SENT |
| Zenaida Hernandez | | zenaida@hermes-law.com | 10/4/2021 10:41:10 AM | SENT |
| Maxwell S.Bayman | | max@hermes-law.com | 10/4/2021 10:41:10 AM | SENT |

EXHIBIT "D"

Case 2:21-cv-00407-JRG-RSP    Document 2    Filed 10/07/21    Page 40 of 59 PageID #:  47

| Case Number | Case Type | Plaintiff |
|---|---|---|
| 447-21 | INJURY OR DAMAGE WITH MV | PERRY ESPIE |

| Defendant | File Date | Disposition Date |
|---|---|---|
| SCOTT TRUCKING SYSTEMS, INC. SCOTT TRUCKING, INC. ET-AL | 08/31/2021 | |

| Report Filed | Case Type | Plaintiff |
|---|---|---|
| 447-21 | INJURY OR DAMAGE WITH MV | PERRY ESPIE |

| Party Name | Date | Description | Pages |
|---|---|---|---|
| ESPIE,SCOTT | 08/30/2021 | LETTER FROM BRENT GOUDARZI CITATION ISSUANCE INSTRUCTIONS/JT | 2 |
| ESPIE,SCOTT | 08/30/2021 | PLAINTIFF'S ORIGINAL PETITION/JT | 14 |
| ESPIE,SCOTT | 08/31/2021 | CITATION BY CERTIFIED MAIL ISSUED TO GEICO COUNTY MUTUAL INSURANCE COMPANY/JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | CITATION BY CERTIFIED MAIL ISSUED TO SCOTT TRUCKING SYSTEMS, INC./JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | CITATION BY CERTIFIED MAIL ISSUED TO SCOTT TRUCKING, INC./JT | 0 |

| Party Name | Date | Description | Pages |
|---|---|---|---|
| ESPIE,SCOTT | 08/31/2021 | CITATION ISSUED TO DANIEL JAMES PAUL/JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | FEE FOR NEW CIVIL CASE, CITATIONS, CERTIFIED MAIL ISSUANCE, COPIES/JT | 0 |
| ESPIE,SCOTT | 08/31/2021 | FEE FOR NEW CIVIL CASE, CITATIONS, CERTIFIED MAIL ISSUANCE, COPIES/JT | 0 |
| ESPIE,SCOTT | 09/07/2021 | CITATION BY CERTIFIED MAIL RETURNED SERVED TO GEICO COUNTY MUTUAL INSURANCE COMPANY/JT | 3 |
| ESPIE,SCOTT | 09/07/2021 | CITATION BY CERTIFIED MAIL RETURNED SERVED TO SCOTT TRUCK SYSTEMS, INC./JT | 3 |
| ESPIE,SCOTT | 09/20/2021 | CERTIFIED MAIL RETURNED UNDELIVERABLE/CC | 2 |

| Court | Book | Volume | Page |
|---|---|---|---|
| 115 | CIVIL | | |

| Judge | Reporter |
|---|---|
| DEAN FOWLER | ANGIE ROBERTSON |

| Name | Defendant/Plaintiff | Attorney |
|---|---|---|

| Name | Defendant/Plaintiff | Attorney |
|------|---------------------|----------|
| ESPIE,SCOTT | PLAINTIFF | GOUDARZI,BRENT |
| SCOTT TRUCK SYSTEMS, INC. | DEFENDANT | |
| SCOTT TRUCKING, INC. | DEFENDANT | |
| PAUL,DANIEL JAMES | DEFENDANT | |
| GEICO COUNTY MUTUAL | DEFENDANT | |

EXHIBIT "E"

Filed 9/27/2021 2:04 PM
Karen Bunn
District Clerk
Upshur County, Texas
Reviewed By: James Thomas

**CAUSE NO. 447-21**

| | | |
|---|---|---|
| PERRY ESPIE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 115TH JUDICIAL DISTRICT |
| SCOTT TRUCK SYSTEMS, INC., | § | |
| SCOTT TRUCKING, INC., DANIEL | § | |
| JAMES PAUL, AND GEICO COUNTY | § | |
| MUTUAL INSURANCE COMPANY | § | UPSHUR COUNTY, TEXAS |

<u>**DEFENDANT GEICO COUNTY MUTUAL INSURANCE COMPANY'S VERIFIED
ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, GEICO County Mutual Insurance Company ("Defendant"), and files this Verified Original Answer, and would respectfully show as follows:

## I. <u>GENERAL DENIAL</u>

As is authorized by Texas Rule of Civil Procedure 92, Defendant generally denies each and every allegation contained in Plaintiff's Petition, and respectfully requests that Plaintiff be required to prove same by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

## II. <u>CONDITIONS PRECEDENT</u>

Defendant further specifically denies that all conditions precedent necessary for recovery by Plaintiff under any policy of insurance issued by Defendant have been met. Plaintiff has not shown Plaintiff is entitled to recover uninsured/underinsured motorist benefits. Plaintiff has no claim for UM/UIM benefits under the Policy until first establishing Plaintiff is legally entitled to recover from the tortfeasor(s). The Policy does not require Defendant to pay UM or UIM benefits before the tortfeasor(s)' negligence and uninsured/underinsured status is determined. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818-19 (Tex. 2006); *see also State Farm*

*Mut. Auto Ins. Co. v. Norris*, 216 S.W.3d 819, 822 (Tex. 2006); *see also Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653-54 (Tex. 2000).

## III. <u>SPECIAL EXCEPTION: DECLARATORY RELIEF</u>

To the extent any such request is made, Defendant further specially excepts and affirmatively asserts that Plaintiff's request for declaratory relief is improper, since a declaratory judgment is available only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). A justiciable controversy is a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Id.* Plaintiff's Petition fails to allege sufficient facts or elements to show that Plaintiff is entitled to declaratory relief on any aspect of this case. Plaintiff does not specify which—if any—contractual terms require judicial interpretation, nor does Plaintiff show sufficient facts to prove that the damages exceed those already recovered from the alleged tortfeasor involved in the motor vehicle accident made the basis of this claim. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 815 (Tex. 2006) ("There is no contractual duty to pay benefits until the liability of the other motorist and the amount of damages suffered by the insured are determined. [...] Neither a settlement nor an admission of liability from the tortfeasor establishes UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance").

Defendant further contends that the Court does not have subject matter jurisdiction over Plaintiff's declaratory judgment action. Ripeness is a component of subject matter jurisdiction. *See In re Reynolds*, 369 S.W.3d 638, 648 (Tex. App.—Tyler 2012, no pet.) (quoting *Waco Indp. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000)). Plaintiff's declaratory judgment action is

not ripe. The personal injuries arising from the incident in question, the liability of the alleged tortfeasor, and the amount of damages to compensate Plaintiff for any alleged injuries are fact issues, which are yet to be decided. Until those fact issues are decided, "determinations based on one possible outcome of such decisions are not proper areas for declaratory relief." *Boorhem-Fields, Inc. v. Burlington Northern R. Co.*, 884 S.W.2d 530, 539 (Tex. App.—Texarkana 1994, no writ).

### IV.  COMPARATIVE NEGLIGENCE-RESPONSIBILITY

Defendant would further show that the negligence of the Plaintiff and/or one or more Co-Defendants and/or one or more third parties was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Pursuant to Texas Civil Practice & Remedies Code Chapter 33, Defendant invokes the doctrine of comparative responsibility and would show that Defendant is entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any Co-Defendant and/or third party who/which caused, contributed, or was responsible for this accident and the injuries and damages alleged by Plaintiff.

### V.  PRE-EXISTING CONDITION

To the extent applicable, Defendant would further show Plaintiff had a medical condition which pre-existed this accident or arose following this accident and did not result from this accident.  Defendant is not responsible for Plaintiff's medical condition and damages, if any, attributable to Plaintiff's pre-existing or subsequent condition not caused by this accident.

## VI.  <u>PROXIMATE CAUSE</u>

To the extent applicable, Defendant would further show that the tortfeasor's acts or omissions and/or the accident made the basis of this lawsuit was not the proximate cause of Plaintiff's injuries.

## VII.  <u>FAILURE TO MITIGATE DAMAGES</u>

Defendant would further show that Plaintiff failed to act as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating the injuries of Plaintiff, if any, that resulted from this accident and/or in failing to mitigate the damages, if any, of Plaintiff.

## VIII.  <u>LOSS OF EARNINGS</u>

To the extent that the Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contribution of pecuniary value, Defendant further asserts that evidence of this alleged loss must be presented by the Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law, as required by Texas Civil Practice & Remedies Code § 18.091.

## IX.  <u>PAID OR INCURRED MEDICAL EXPENSES LIMITATION</u>

Defendant further specifically contends, in accordance with Texas Civil Practice & Remedies Code § 41.0105, that recovery by Plaintiff of past medical or health care expenses, if any, that were incurred as a result of the accident identified in Plaintiff's Petition, and the relevant evidence of past medical and healthcare expenses, if any, that were incurred as a result of the accident identified in Plaintiff's Petition, is limited to amount(s) actually paid or incurred by, or on behalf of, the Plaintiff. *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011).

## X. **POLICY LIMIT**

Defendant would further show that any recovery made by Plaintiff for underinsured/uninsured motorist contractual benefits cannot exceed the limits of Plaintiff's insurance policy applicable to this underinsured/uninsured motorist claim.

## XI. **CREDIT AND OFFSET**

Defendant would further show that it is entitled to offset or credit in the amounts of the liability insurance amount of any tortfeasor who was responsible for the accident made the basis of this suit and Plaintiff's alleged injuries and damages, any other uninsured/underinsured policy of insurance issued by any other insurer to Plaintiff, and any money paid to, or on behalf of, Plaintiff for any medical payment or personal injury protection benefit.

## XII. **REQUIRED INITIAL DISCLOSURES**

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff is required to disclose, within thirty (30) days of the filing of this Answer, the information or materials described in Rule 194.2.

## XIII. **TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE**

Pursuant to Texas Rule of Civil Procedure 193.7, Defendant may enter into evidence at the trial of this matter all documents produced to Defendant in response to discovery requests.

## XIV. **TEXAS RULE OF EVIDENCE 609(f) REQUEST**

Defendant requests that Plaintiff, pursuant to Texas Rule of Evidence 609(f), give Defendant sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## XV.  <u>JURY DEMAND</u>

Pursuant to Texas Rule of Civil Procedure 216, Defendant demands a jury trial. The appropriate jury fee has been or will be paid to the clerk of the court within thirty (30) days in advance of the trial setting.

## XVI.  <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant GEICO County Mutual Insurance Company prays that Plaintiff take nothing by way of this suit, and that this Defendant have such other and further relief, general or special, at law or in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**GEICO STAFF COUNSEL**

**JENNIFER A. CRAWFORD**
SBN: 24091186
3301 Golden Road, STE 417
Tyler, Texas 75701
Telephone: 430-205-5990
Facsimile: 903-595-6844
JeCrawford@geico.com
ATTORNEY FOR DEFENDANT GEICO
COUNTY MUTUAL INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 27th day of September, 2021, a true and correct copy of the foregoing instrument has been sent to all counsel of record pursuant to the Texas Rules of Civil Procedure:

*VIA E-service: goudarziyoung@goudarzi-young.com*
Brent Goudarzi Esq.
Goudarzi & Young, Llp
301 Titus St, # 910
Gilmer, Texas 75644-1926
Attorney for Plaintiff

JENNIFER CRAWFORD

## <u>VERIFICATION OF JENNIFER CRAWFORD</u>

STATE OF TEXAS       §
                             §
COUNTY OF SMITH     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Jennifer Crawford, who, after having been first by me duly sworn, stated under oath that she is an agent of Defendant duly authorized to execute this verification; that he/she has read the above Defendant's Verified Original Answer; and that every statement of fact contained in Paragraph II thereof is within his/her personal knowledge and is true and correct.

_____
JENNIFER CRAWFORD

SUBSCRIBED and SWORN TO BEFORE ME, on this the 27th day of September, 2021, to certify which, witness my hand and seal of office.

ANDREA SABILLON
Notary Public, State of Texas
Comm. Expires 04-06-2022
Notary ID 131519089

_____
NOTARY PUBLIC, in and for
The State of TEXAS

VERIFICATION OF JENNIFER CRAWFORD

Print this page

# Case # 447-21

## Case Information

| | |
|---|---|
| Location | Upshur County - District Clerk |
| Date Filed | 9/27/2021 2:04 PM |
| Case Number | 447-21 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Jennifer Crawford |
| Firm Name | GEICO STAFF COUNSEL |
| Filed By | Jennifer Crawford |
| Filer Type | Not Applicable |
| Estate Value | $0.00 |

**Fees**

| | |
|---|---|
| Convenience Fee | $1.16 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $40.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $41.16 |

**Payment**

| | |
|---|---|
| Account Name | Andrea Sabillon |
| Transaction Amount | $41.16 |
| Transaction Response | Approved |
| Transaction ID | 84620733 |
| Order # | 057629164-0 |

## Answer/Response

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer/Response |
| Motion Code | |
| Filing Description | Defendant GEICO's Original Answer |
| Reference Number | |

Comments
Status                          Accepted
Accepted Date                   9/27/2021 2:06 PM
**Fees**
Court Fee                       $40.00
Service Fee                     $0.00


Optional Services
Jury Fee                        $40.00
**Documents**
*Lead Document*        Defendant GEICO Original Answer.pdf    [Original]  [Transmitted]


**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Rhonda Adkinson radkinson@goudarzi-young.com | | EServe | Sent | Yes | Not Opened |
| Brent Goudarzi goudarziyoung@goudarzi-young.com | | EServe | Sent | Yes | 9/27/2021 2:32 PM |
| Eleanor Perry eperry@geico.com | | EServe | Sent | Yes | Not Opened |
| Andrea Sabillon asabillon@geico.com | | EServe | Sent | Yes | Not Opened |
| Jennifer Crawford JeCrawford@geico.com | | EServe | Sent | Yes | Not Opened |

# EXHIBIT "F"





# EXHIBIT "G"

<table>
<tr><td></td><td>

**BUSINESS INFORMATION**
HOLLI SULLIVAN
INDIANA SECRETARY OF STATE
10/07/2021 05:28 PM

</td></tr>
</table>

## Business Details

| | | | |
|---|---|---|---|
| Business Name: | **SCOTT TRUCK SYSTEMS, INC.** | Business ID: | **1993060193** |
| Entity Type: | **Domestic For-Profit Corporation** | Business Status: | **Active** |
| Creation Date: | **06/04/1993** | Inactive Date: | |
| Principal Office Address: | **2902 E 500 N, PO BOX 128, WHITELAND, IN, 46184, USA** | Expiration Date: | **Perpetual** |
| Jurisdiction of Formation: | **Indiana** | Business Entity Report Due Date: | **06/30/2023** |
| | | Years Due: | |

## Governing Person Information

| Title | Name | Address |
|---|---|---|
| President | David Lee Scott | 624 Runyon Rd, Greenwood, IN, 46142, USA |

## Registered Agent Information

Type: **Individual**

Name: **DAVID L. SCOTT**

Address: **624 RUNYON RD, GREENWOOD, IN, 46142, USA**

# EXHIBIT "H"

**BUSINESS INFORMATION**
HOLLI SULLIVAN
INDIANA SECRETARY OF STATE
10/07/2021 05:37 PM

## Business Details

| | | | |
|---|---|---|---|
| Business Name: | **SCOTT TRUCKING INC.** | Business ID: | **2009011600558** |
| Entity Type: | **Domestic For-Profit Corporation** | Business Status: | **Active** |
| Creation Date: | **01/16/2009** | Inactive Date: | |
| Principal Office Address: | **Scott Trucking, Inc., 6861 Herath Lane, Martinsville, IN, 46151, USA** | Expiration Date: | **Perpetual** |
| Jurisdiction of Formation: | **Indiana** | Business Entity Report Due Date: | **01/31/2023** |
| | | Years Due: | |

## Governing Person Information

| Title | Name | Address |
|---|---|---|
| President | Fred Scott | 6861 Herath Lane, Martinsville, IN, 46151, USA |

## Incorporators Information

| Name | Title | Address |
|---|---|---|
| Susan M. Scott | Incorporator | 6241 Parke Drive, Clayton, IN, 46118, USA |

## Registered Agent Information

Type: **Individual**

Name: **FRED L SCOTT**

Address: **6861 Herath Lane, Martinsville, IN, 46151, USA**